**Thomas P. DENNEHY, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 14805.**

United States Court of Appeals
Sixth Circuit.

Oct. 17, 1962.

John Ligtenberg, Chicago, Ill., Thomas P. Dennehy, pro se, Cleveland, Ohio, on brief, for petitioner.

Frank I. Michelman, Department of Justice, Washington, D. C., Louis F.

**150**

Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Alan D. Pekelner, Attorneys, Department of Justice, Washington, D. C., on brief, for respondent.

Before CECIL, Chief Judge, and BOYD and PECK, District Judges.

### ORDER

While technically presenting issues concerning the petitioning taxpayer's right to a refund for the year in question (1955) and the propriety of a deficiency assessed by the Commissioner of Internal Revenue for the same year, the single question submitted by this appeal from the Tax Court is whether the taxpayer, a university mathematics instructor, may deduct expenses he incurred in European travel during his "sabbatical summer" as an "ordinary and necessary" business expense under Section 162(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 162(a).

The record discloses that taxpayer's contract with the university provided for employment on a twelve months basis, under the terms of which he was to teach two summers out of three (in addition to the regular school year), with the third summer season to be his "sabbatical summer." Other gainful employment during the sabbatical period was precluded by the contract, which provided that that period be used only for travel, reading, resting, and self-improvement. The travel resulting in the expenses with which we are presently concerned occurred during such a sabbatical period.

The record supports the findings of the Tax Court that the taxpayer's activities on his trip abroad were not different from those reasonably expected of any other tourist of his age on a sightseeing trip abroad, that no report thereof was required by or submitted to the university, that many of his fellow faculty members did not travel during their sabbatical summer (and in no known instance has one ever been discharged for that reason), and that the taxpayer was not required to travel in Europe or else- where during the year in question to retain his position.

Assuming, as did the Tax Court, that foreign travel would be culturally broadening and therefore of benefit not only to the taxpayer individually but also to the university because of the potential increase in his teaching accomplishment, and that the taxpayer might thereby qualify for promotion, no justification for the claimed deduction as ordinary and necessary business expense appears. (See Robert M. Kamins, 25 T.C. 1238 (1956); Knut F. Larson, 15 T.C. 956 (1950); Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1933).)

It is, therefore, ordered and adjudged that the Tax Court's judgment is in all things affirmed.