Ben H. ADELSON and Nancy R. Adelson, Appellants,

v.

UNITED STATES of America, Appellee.

No. 18968.

United States Court of Appeals Ninth Circuit.

Jan. 13, 1965.

Rehearing Denied April 16, 1965.

Mosk & Rudman, and Edward Mosk, Hollywood, Cal., for appellants.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Dept. of Justice, Washington, D. C., and Thomas R. Sheridan, U. S. Atty., Los Angeles, Cal., for appellee.

Rugen, Ligtenberg & Goebel, and John Ligtenberg, Chicago, Ill., on behalf of amicus curiae American Federation of Teachers.

Before MERRILL, DUNIWAY and ELY, Circuit Judges.

DUNIWAY, Circuit Judge:

In the court below the taxpayers, husband and wife, sought to recover moneys paid as income taxes, following denial of a claim for refund. The sole question is whether the expense of the husband's trip to Europe is a deductible expense. The trial court held that it is not, and we agree.

Ben H. Adelson was in 1957, and had been for over seven years, a certified and licensed teacher in the Los Angeles city school system. He taught secondary school courses in English, journalism and reading. In September of 1957 he filed with the school district a written request to take a sabbatical leave from February 3, 1958 to June 20, 1958. The type of leave was designated as "travel" and there was attached to his application a plan of travel showing visits between March 2 and May 25 to Holland, Germany, France, Italy, Austria, Switzerland, Denmark and Belgium, "the remainder of time to be spent touring England and Scotland." He was to return home on August 15. The request was approved by the Superintendent of the Los Angeles County schools on November 5, 1957.

The sabbatical leave was granted pursuant to provisions of the Education Code of California. Section 13457 authorizes the governing board of a school district to grant to a teacher holding a certified position "a leave of absence for not to exceed one year for the purpose of permitting study or travel by the employee which will benefit the schools and pupils of the district." Section 13458 requires that an employee seeking such a leave must have served for at least seven consecutive years preceding the grant of the leave, and limits the number of leaves to one in each seven year period. Section 13459 provides that an employee granted leave may be required to perform such services during the leave as the governing board of the district, with the approval of the county superintendent of schools, and the employee may agree upon in writing. The employee shall receive such compensation during the leave as the governing board, with the approval of the county superintendent, and the employee may agree upon. Such compensation may be one-half of the employee's regular salary. This was the compensation that Adelson was to receive. Section 13460, in substance, requires that in order to receive the compensation the employee must return to the district and teach at least two more years, and may be required to post a bond covering his obligation to return the compensation if he does not so teach. Section 13462 provides that at the expiration of his leave, the employee is to be reinstated in the position held by him when the leave was granted. There are other provisions which are not material here.

The leave was granted under certain regulations issued by the Los Angeles School Board. The pertinent regulation is headed "Sabbatical Leave for Educational Travel." It requires that at least 60% of the leave be spent in planned educational travel. "Travel is considered educational if it results in a significant contribution to professional growth by exposing the participant to new people, cultures, environments, experiences and events." The travel must occur beyond a 300 mile radius from Los Angeles, and must be completed during the leave period. Summer travel does not fulfill these requirements. The regulation also requires that the plan of travel be approved in advance, and that at the conclusion of his trip the employee file a sabbatical report, 1500 or more words in length, which should include "a brief description of

places visited, and place primary emphasis on the significance of the experiences to the employee as an educator and to the application of the educational growth to his regular assignment."

Other regulations make it clear that the employee is to request sabbatical leave, that he is not required to take sabbatical leave, and that under certain circumstances, his request may be denied. The regulations also provide for two other types of sabbatical leave, one for formal study, that is, "a program of upper division of graduate study in residence * * * in a recognized institution of higher learning," or sabbatical leave for independent study, defined as "a program of independent study, research and/or experience relating to the present or prospective service of the applicant which promises professional values equivalent to that derived from formal study * * *." Adelson chose a leave for "educational travel."

At the conclusion of his trip, Adelson filed a five page travel report in which he describes the places visited. It was approved by the proper district official. This report is described and analyzed briefly in the opinion of the trial judge which is reported at 221 F.Supp. 31. We agree with him that, essentially, it describes the ordinary tourist visit to the countries listed in Adelson's itinerary, but with some indication that Adelson made it a point to visit those places, buildings, etc. that are associated with authors or with the subject matter of well-known books, such as might be studied by students in his courses.

■ The question presented is whether the expenses of Adelson's trip are deductible as "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business" within the meaning of section 162(a) and subdivision (2) of the Internal Revenue Code (26 U.S.C. § 162(a) (2)). In this connection, it must be borne in mind that the Code also provides (Section 262) that except as otherwise expressly provided, "no deductions shall be allowed for personal, living, or family expenses."

The Treasury regulations on income tax (1954 Code) undertake to deal with the type of problem here involved. Section 1.162–5 is entitled "Expenses for education," and authorize deduction of expenditures of this kind if they are "undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or (2) meeting the express requirements of a taxpayer's employer, or the requirements of applicable laws or regulations imposed, as a condition to the retention by the taxpayer of his salary, status or employment." The regulation further provides that whether or not education is of the type referred to in the first alternative, "shall be determined upon the basis of all the facts in each case." It limits expenditures of the second type to those that are for the minimum education required by the taxpayer's employer, or by applicable law or regulations, as a condition to the retention of the taxpayer's salary, status, or employment. The regulation further provides that in the case of teachers, a written statement from an authorized official to the effect that the education was required as a condition of the taxpayer's salary, status, or employment, will be accepted for the purpose of meeting the requirements of the regulation. There is no such statement in evidence in this case. The regulation states that expenditures made by the taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. It states: "[i]n general, a taxpayer's expenditures for travel (including travel while on sabbatical leave) as a form of education shall be considered as primarily personal in nature and therefore not deductible." There follow in the regulation a number of examples, none of which

precisely describes the type of situation presented to us here.

Although Adelson now contends that the travel here involved was undertaken in order to meet the express requirements of the school district, or of the applicable laws of California and regulations of the school district, the record clearly does not support this contention. On the contrary, it shows that there was no requirement of the school district or the laws or regulations either that he take a sabbatical leave, or, if he did take it, that he spend it in educational travel. The pre-trial order, in that portion setting forth agreed facts, expressly states that he was not required to travel as a condition of his employment or required to take sabbatical leave.

■ We turn then, to the first basis on which the regulation states that educational expenses may be deductible, namely, if they are "undertaken primarily for the purpose of * * * maintaining or improving skills required by the taxpayer in his employment * * *." The taxpayer does not contend that his activities included the taking of any courses or seminars in English, or English literature or journalism or reading, or the *doing of any specific research,* any one of which activities, if sufficiently pursued, might have justified the deduction of a portion of the expense. He relies primarily upon the fact that the legislature of California, by adopting the provisions of the Education Code to which we have referred, and the officers of the school district, by adopting the regulations dealing with educational travel to which we have referred, have determined that the type of travel that he undertook does in fact make him a more valuable teacher, and that the trial court should have accepted this determination as a sufficient basis on which to conclude that the expenses are deductible.

■ We do not agree. The question is one of fact, as the regulation states, and ordinarily the determination of the trier of fact will not be disturbed on appeal. (Commissioner v. Flowers, 1946,

326 U.S. 465, 470, 66 S.Ct. 250, 90 L.Ed. 203). The Commissioner's ruling that these expenses are not deductible "has the support of a presumption of correctness," and the taxpayer "has the burden of proving it to be wrong." (Welch v. Helvering, 1933, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212). The question is to be determined by the federal taxing authorities and courts, not by the taxpayer's employer. The employer's view as to the relevance of the travel to the employee's occupation may be persuasive evidence, but neither the statute nor the regulation delegates to him the authority to determine deductibility.

We do not doubt the value, either to Adelson or to the school district, of the trip that Adelson took. The virtue of travel as part of a liberal education has long been accepted as established. Boswell's father was not the first to recognize it when he financed his son's grand tour. In Welch v. Helvering, supra, at pp. 115–116, 54 S.Ct. at pp. 9–10, Mr. Justice Cardozo put it this way: "Reputation and learning are akin to capital assets, like the good will of an old partnership. [citation] For many, they are the only tools with which to hew a pathway to success. The money spent in acquiring them is well and wisely spent. It is not an ordinary expense of the operation of a business."

The only evidence in this record as to what Adelson did is the travel report that he filed on his return. It fully supports the trial judge's conclusion that the trip was not primarily of a business nature, but primarily of a personal nature. Adelson's activities while abroad "were not different from those reasonably expected of any other tourist of his age on a sightseeing trip abroad." Demehy v. C. I. R., 6 Cir., 1962, 309 F.2d 149, 150. See also Cross v. United States, 2 Cir., 1964, 336 F.2d 431; Rev. Ruling 64–176, 1964–23 Int.Rev.Bull. 7; Seibold, 31 T.C. 1017; Cardozo, 17 T.C. 3; Schinnagel, 31 P–H Tax Ct. Mem. ¶ 62104.

The cases upon which Adelson relies do not require a different result. In each of them, the relationship between the ac-

tivities undertaken and the taxpayer's profession were far more certain and direct, and less like the usual tourist trip, than Adelson's. In some, the travel fell within the second alternative set out in the regulation, discussed above. (Duncan v. Bookwalter, W.D.Mo., 1963, 216 F.Supp. 301; Coughlin v. C. I. R., 2 Cir., 1953, 203 F.2d 307; Brooks v. C. I. R., 9 Cir., 1959, 274 F.2d 96; Hill v. C. I. R., 4 Cir., 1950, 181 F.2d 906; Neschis, 32 P–H Tax Ct.Mem. ¶ 63191; Fattore, 32 P–H Tax Ct.Mem. ¶ 63219; Frazee, 32 P–H Tax Ct.Mem. ¶ 63217; Sanders, 29 P–H Tax Ct.Mem. ¶ 60061; I.T. 3380, C.B. 1940–1, p. 29; Hutchinson, 1928, 13 B.T.A. 1187; Denny, 1935, 33 B.T.A. 738; Hempel, 1947, 16 P–H Tax Ct.Mem. ¶ 47183; Thomas, 1939, 8 P–H B.T.A. Mem. ¶ 39112.

Affirmed.