L. C. and Gladys M. Greenlee v. Commissioner.
Greenlee v. Commissioner
Docket No. 2252-65.
United States Tax Court
T.C. Memo 1966-168; 1966 Tax Ct. Memo LEXIS 116; 25 T.C.M. (CCH) 875; T.C.M. (RIA) 66168; July 15, 1966
*116 L. C. Greenlee, pro se, 11231 Bowler Ave., Garden Grove, Calif. Morley H. White, for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The petitioners, husband and wife, are school teachers. They filed their 1962 joint Federal income tax return with the district director of internal revenue at Los Angeles. The Commissioner determined a deficiency in the amount of $226.87. The sole question is whether petitioners are entitled to deductions in the aggregate amount of $868 which they claimed in their return in respect of traveling expenses. The parties filed a stipulation of facts which is incorporated herein by this reference. During 1962, Mr. Greenlee was a teacher in the Compton School District, Compton, California, and his wife a teacher in the Anaheim School District, Anaheim, California. Their principal source of income was their salaries in the amounts of $9,222.60 and $7,268.76, respectively. Both the Compton and Anaheim School Districts have rules or regulations requiring teachers to obtain "professional growth credits" during stated intervals before being qualified to advance to the next higher salary level on an in service salary *117 schedule. Thus, in Compton, 12 points of "professional growth" are required during each three-year period. Failure to obtain the necessary 12 points "holds the teacher at the attained salary without step advancement on the salary schedule," and in the case of teachers who had already attained maximum salary, such failure would result in their being "regressed one step on the salary schedule each year that the requirement is not fulfilled * * *." Points may be earned in any of five specified categories, such as "University work", "Professional Service", "Community Service", "Course Reorganization", and "Personal Improvement". Included within the last category is "Travel", with two points granted for each week of approved travel. Different, but comparable, requirements are in effect in respect of the Anaheim School District. During the summer vacation of 1962, petitioners traveled some 6,000 miles in and around the western part of the United States and Canada. Prior to such travel, Mrs. Greenlee made application to the Anaheim School District for "Professional growth credits" in respect of the proposed travel, setting forth an itinerary including San Francisco, Portland, Seattle *118 World's Fair, British Columbia, Alberta, Saskatchewan, Yellowstone National Park, Black Hills of the Dakotas, and National Parks through Idaho, Wyoming, Colorado and Arizona. After the trip, a report was presented by each petitioner to his or her respective school district for their professional growth credits. Mrs. Greenlee was granted two credits and her husband 12 credits. Since Mr. Greenlee had already attained the maximum salary level, failure to obtain the required "professional growth" credits would have meant a reduction in salary. In the course of the trip, each petitioner devoted himself or herself to matters which to a considerable extent were helpful in their teaching jobs. Thus, Mr. Greenlee took numerous color slides that he subsequently used as visual aids in his teaching. There is no controversy that petitioners actually incurred the $868 travel expenses which they deducted. The Commissioner's point simply is that they were primarily on a pleasure trip and that the deduction is therefore not allowable. However, the point is that the trip was made to fulfill a requirement in respect of "professional growth" which directly affected the wages earned by each petitioner. *119 The fact that they derived pleasure from the trip does not detract from the conclusion that they were complying with conditions imposed by their employers that had a proximate relationship to the very earnings being subjected to tax herein. Cf. (C.A. 2), reversing . In the circumstances, we hold that the claimed deduction must be allowed. (C.A. 9), does not require a contrary result. It involves travel during a period of sabbatical leave and is distinguishable upon its facts. Nothing in the opinion suggests that the teacher's regular salary was in any way dependent upon the travel in question. Decision will be entered for the petitioners.