**Francis and Roberta FUGATE**

v.

**UNITED STATES of America.**

**Civ. A. No. 2723.**

United States District Court
W. D. Texas,
El Paso Division.

Aug. 1, 1966.

Robert L. White, Tax Div., Dept. of Justice, for the Government.

Towner Leeper, El Paso, Tex., for plaintiffs.

## OPINION

BREWSTER, District Judge.

This suit is brought by Francis and Roberta Fugate, husband and wife, for refund of income taxes for the year 1961 in the sum of $1,044.49, with statutory interest.

The question presented is whether the expenditure for a European trip taken by taxpayers in 1961 was properly deductible as expense for education under the 1954 Code and Treasury Regulations.[1]

1. Internal Revenue Code of 1954:

SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) *In General.*—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *.

(26 U.S.C.1964 ed., Sec. 162)

SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES.

Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.

(26 U.S.C.1964 ed., Sec. 262)

Treasury Regulations on Business Expenses (1954 Code):

SEC. 1.162–6. *Expenses for education.*

(a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of:

(1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or

(2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment.

Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. If it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken this education for the purposes described in subparagraph (1) of this paragraph. Expenditures for education of the type described in subparagraph (2) of this paragraph are deductible under subparagraph (2) only to the extent that they are for the minimum education required by the taxpayer's employer, or by applicable law or regulations, as a condition to the retention of the taxpayer's salary, status, or employment. * * * A taxpayer is considered to have made expenditures for education to meet the express requirements of his employer only if the requirement is imposed primarily for a bona fide business purpose of the taxpayer's employer and not primarily for the taxpayer's benefit. Except as provided in the last sentence of paragraph (b) of this section, in the case of teachers, a written statement from an authorized official or school officer to the effect that the education was required as a condition to the retention of the taxpayer's salary, status, or employment will be accepted for the purpose of meeting the requirements of this paragraph.

(b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. The fact that the education undertaken meets express requirements for the new position or substantial advancement in position will be an important factor indicating that the education is undertaken primarily for the purpose of obtaining such position or advancement, unless such education is required of his present employment. In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty

Taxpayers are teachers in State schools in El Paso, Texas. For nineteen years, Mr. Fugate has taught at Texas Western College, a branch of the University of Texas. In addition to his regular position as assistant professor of English, both graduate and undergraduate, he has engaged in public lectures and free-lance writing. Many of his articles have been published. Mrs. Fugate has been a teacher in the public schools in El Paso for twenty-eight years. Her teaching has been devoted to the primary grades, and she has received special recognition for her work there.

For several years down to and including 1961, Texas Western College gave credits to students participating in a tour of Europe sponsored by its English Department and conducted under the direction of one of its English professors. In the Spring of 1961, the chairman of that department advised the teachers in it that the European tour would be rotated among them. They were advised that they would be better able to direct the tour if they had travelled themselves.

Mr. and Mrs. Fugate and their young adult daughter did take a tour of Europe in the summer of 1961. His application for passport stated that the purpose of the trip was business and pleasure. Hers said that it was only pleasure. Both of them claimed in their 1961 income tax return that the purpose was primarily business, and deducted a total of $4,255.22 as expenses for education. $2,481.68 of that amount was for Mr. Fugate's expenses on the tour, and $1,773.54 was for Mrs. Fugate.

The expenditures were not properly deductible because the tour was not taken in either case for the primary purpose of (1) meeting the express requirements imposed by the taxpayer's employer for the retention of taxpayer's salary, status or employment, or (2) maintaining or improving skills required by taxpayer in his employment. Treasury Regulations on Income Tax (1954 Code), Sec. 1.162–5(a) (1) and (2), quoted in footnote 1.

There is no valid basis for a claim that the tour was required by the employer. Each taxpayer, as a teacher in the public schools, was employed by the State of Texas, and it made no such requirements through the departments that conducted its educational systems. The mere suggestion by the Chairman of the English Department that the teachers therein take European trips to prepare themselves to conduct school sponsored study tours of Europe was not a requirement within the meaning of the Regulation.

The taxpayers insist, however, that the deduction was still allowable because the trip helped them maintain or improve their skills. Mr. Fugate claims that it has helped him in his teaching and in

therein, and expense of such education is personal in nature and therefore is not deductible.

(c) In general, a taxpayer's expenditures for travel (including travel while on sabbatical leave) as a form of education shall be considered as primarily personal in nature and therefore not deductible.

(d) If a taxpayer travels away from home primarily to obtain education the expenses of which are deductible under this section, his expenditures for travel, meals, and lodging while away from home are deductible. However, if as an incident of such trip the taxpayer engages in some personal activity such as sightseeing, social visiting or entertaining, or other recreation, the portion of the expenses attributable to such personal activity constitutes nondeductible personal or living expenses and is not allowable as a deduction. If the taxpayer's travel away from home is primarily personal, the taxpayer's expenditures for travel, meals, and lodging (other than meals and lodging during the time spent in participating in deductible educational pursuits) are not deductible. Whether a particular trip is primarily personal or primarily to obtain education the expenses of which are deductible under this section depends upon all the facts and circumstances of each case. An important factor to be taken into consideration in making the determination is the relative amount of time devoted to personal activity as compared with the time devoted to educational pursuits. Expenses in the nature of commuters' fares are not deductible. (26 C.F.R., Sec. 1.162–5.)

his writing. Mrs. Fugate says that it improved her skill by enabling her to establish a rapport with children who had lived in Europe prior to the transfer of their parents to Ft. Bliss, near her elementary school.

This contention is untenable. The trip was not taken *primarily* to help them maintain or improve their skills. They took a regular tour with a group of people. There was nothing about it that was any more suited for a teacher than for some widow who was travelling on the proceeds of her deceased husband's life insurance. As was said by the Court in denying a teacher's claim for deduction under similar circumstances, the activities of each taxpayer while abroad, "were not different from those reasonably expected of any other tourist of his age on a sightseeing trip abroad." Dennehy v. C. I. R., 6 Cir., 309 F.2d 149, 150 (1962). Neither one of the taxpayers did any special study at an established educational institution or anywhere else. As is typical of sponsored tours, the group was not in any one place long enough to learn much about it. The trip they took in a rental car after the conclusion of the tour added nothing of special benefit to them as teachers. It was just a plain sightseeing trip that may have had some incidental value to them in their profession by broadening them and increasing their prestige. Deduction for such expenditures are prohibited by Treasury Regulations, Section 1.162–5(c), quoted in full in footnote 1, which says that generally a taxpayer's expenditures for travel "as a form of education shall be considered as primarily personal in nature and therefore not deductible." Section 1.162–5(d) of said Regulations expressly provides for disallowance of a deduction for travel expenses incurred to obtain an education by travel abroad to the extent attributable to "sightseeing * * * or other recreation."

Claims similar to that of the taxpayers here were rejected in Dennehy v. C. I. R., supra, and Adelson v. United States, 9 Cir., 342 F.2d 332 (1965). The follow-ing quotations are taken from those cases:

"Assuming, as did the Tax Court, that foreign travel would be culturally broadening and therefore of benefit not only to the taxpayer individually but also to the university because of the potential increase in his teaching accomplishment, and that the taxpayer might thereby qualify for promotion, no justification for the claimed deduction as ordinary and necessary business expense appears * * *" Dennehy, 309 F.2d at page 150.

"We do not doubt the value, either to Adelson or to the school district, of the trip that Adelson took. The virtue of travel as part of a liberal education has long been accepted as established. Boswell's father was not the first to recognize it when he financed his son's grand tour. In Welch v. Helvering, supra, 290 U.S. 111, at pp. 115–116, 54 S.Ct. at pp. 9–10, 78 L.Ed. 212, Mr. Justice Cardozo put it this way. 'Reputation and learning are akin to capital assets, like the good will of an old partnership. (Citation). For many, they are the only tools with which to hew a pathway to success. The money spent in acquiring them is well and wisely spent. It is not an ordinary expense of the operation of a business.'

"The only evidence in this record as to what Adelson did is the travel report that he filed on his return. It fully supports the trial judge's conclusion that the trip was not primarily of a business nature, but primarily of a personal nature. Adelson's activities while abroad 'were not different from those reasonably expected of any other tourist of his age on a sightseeing trip abroad.' Dennehy v. C. I. R., 6 Cir., 1962, 309 F.2d 149, 150. * * *" Adelson, 342 F.2d at p. 335.

The deduction was properly disallowed. and judgment will be entered for the defendant.

This opinion will serve as findings of fact and conclusions of law. Rule 52(a), F.R.Civ.P.