Esther M. Rosenberg v. Commissioner.
Rosenberg v. Commissioner
Docket No. 2639-67.
United States Tax Court
T.C. Memo 1969-225; 1969 Tax Ct. Memo LEXIS 71; 28 T.C.M. (CCH) 1183; T.C.M. (RIA) 69225; October 22, 1969, Filed Albert L. Solodar, 299 Bway., New York, N. Y. Dorrance R. Belin, for the respondent. FEATHERSTON
Memorandum Findings of Fact and Opinion FEATHERSTON, Judge: Respondent determined a deficiency in petitioner's income tax for 1964 in the amount of $761.87. Petitioner has conceded that respondent correctly disallowed certain deductions, and the only issue remaining for decision is whether she is entitled to deduct the cost of travel to Europe as an ordinary and necessary business expense *72 under section 162(a). [1] 1184 Findings of Fact Petitioner's legal residence at the time of the filing of her petition was New York, New York. She filed her Federal income tax return for 1964 with the district director of internal revenue, manhattan District, New York, New York. Petitioner has been employed as a teacher in the public schools of New York continuously since 1948, having acquired permanent tenure in 1952. She holds a Common Branches license, which qualifies her to teach the sixth grade. Before beginning her teaching career she was employed as a welfare caseworker for approximately 10 years. Beginning in the fall of 1963 petitioner was assigned to teach the sixth grade at Public School 83, located at 219 East 109th Street, New York City. This school was one of 21 designated as "More Effective Schools" by the New York City Board of Education as part of a program to strengthen schools located in economically and culturally deprived areas throughout the city. The Report of the Joint Planning Committee For More Effective Schools, issued May 15, 1964, described *73 the program as an effort to utilize every professional resource available - specialists in psychology and guidance, expert teachers of reading and the academic disciplines, and skillful supervisors and teachers - to insure success in school. The program was so organized as to emphasize, among other things, integration of ethnic groups. Other objectives of the program included limiting classes to a maximum of 22 pupils; providing for the needs of children with physical, emotional, and social problems through a teacher and guidance team; and recruiting a staff which was enthusiastic, able, and committed to the program. No special license is required to teach in a "More Effective School." Public School 83 is located in a Spanish Harlem ghetto area. The students are mostly of Puerto Rican ancestry. During the 1963-1964 school year petitioner found that 90 percent of her pupils could not read at the sixth grade level. Many of them could read only at the first, second, or third grade level. The sixth grade curriculum included a study of Europe, and many of her pupils had no concept of life and conditions in Europe and knew nothing of its history. One of her great problems was to motivate *74 the children to want to learn. Prior to 1964 petitioner had traveled quite extensively. In 1959 or 1961 she had spent 8 weeks in Europe, visiting France, Spain, Portugal, Italy, Switzerland, Luxembourg, the Netherlands, and England. She had also made a trip to the Caribbean area. In 1963 she had traveled in the Far East, visiting Japan, Thailand, and Hong Kong. On May 11, 1964, petitioner filed a renewal application for a passport, stating that she proposed to visit Norway, Sweden, Denmark, France, and Scotland. The application stated that the purpose of the trip was "pleasure." The requested passport was issued. Petitioner sailed for Europe on July 3, 1964, aboard the SS Nieuw Amsterdam. She was accompanied by three women companions who had taught school during the prior year. They traveled by themselves, not as part of an organized tour. While in Europe she visited well known tourist attractions in Norway, Sweden, Denmark, France, Spain, Portugal, the Netherlands, and England. While in Stockholm, Sweden, she met two local schoolteachers and visited a school located in the suburbs of Stockholm. She returned to the United States by air on August 25, 1964. Petitioner's European *75 travel was not expressly required by her employer or by any municipal statute or regulation of the New York City Board of Education. She made no report to her employer on her travel and received no academic or any other credit for the trip. Although she was not an expert photographer, she took some pictures of sights in Europe and purchased a number of personal items. Petitioner's expenditures for the European trip consisted of the airplane fare of $288, funds obtained through cashing traveler's checks in the amount of $1,612, and $250 in cash. On her income tax return for 1964 petitioner claimed a deduction of $2,150, as follows: Transportation, Hotel, Meals, etc
$ 750.00
European transportation
1400.00 Each of these figures was an estimate or approximation. Ultimate Findings of Fact Petitioner's trip to Europe in the summer of 1964 was not directly related to her duties 1185 as a teacher in the New York City public school system and was not taken primarily to maintain or improve her skills as a teacher. It was primarily a vacation trip. Opinion Section 162(a)(2) allows a deduction for "all the ordinary and necessary expenses paid * * * during the *76 taxable year in carrying on any trade or business, including * * * traveling expenses * * * while away from home in the pursuit of a trade or business." The regulations promulgated under that section [2] specify the circumstances in which expenditures for education are deductible as "ordinary and necessary" expenses. Sec. 1.162-5, Income Tax Regs. They provide that expenditures for travel as a form of education shall be deductible "only to the extent such expenditures are attributable to a period of travel that is directly related to the duties of the individual in his employment or other trade or business." For this purpose, a period of travel is considered "directly related to the duties of an individual in his employment" only if "the major portion of the activities during such period is of a nature which directly maintains or improves skills required by the individual in such employment * * *." *77 Petitioner contends that the expenses of her 1964 European trip qualify under this test. She asserts that as a teacher in a "More Effective School" [3] her main task was to motivate sixth grade pupils who lived in a Spanish Harlem ghetto to want to learn and to succeed despite their enormous handicaps; that she conceived the idea of a trip to Europe, and undertook the travel, to stimulate her own enthusiasm and to provide her with a graphic understanding of Europe, its historical sights, and its people; and that in this manner she improved her skills as a teacher, consistent with the emphasis on the enrichment of the teaching staff of the "More Effective Schools." However, we note that petitioner's travel to Europe in 1964 was not suggested by her employer, the New York City Board of Education, and she made no report on her trip to her superiors and received no special credit for having *78 taken it. We have carefully searched the materials on the "More Effective School" program, introduced into evidence by petitioner, and find no recommendations or suggestions that the teachers, psychologists, or guidance personnel who staffed these schools travel in order to prepare themselves to perform their work more effectively. Instead, the emphasis is placed on the social problems facing the pupils, community involvement in the solution of those problems, and effective relationships between the teachers and the children and their parents. Petitioner's "activities on [this] trip abroad were not different from those reasonably expected of any other tourist of [her] age on a sightseeing trip abroad * * *." Dennehy v. Commissioner, 309 F. 2d 149, 150 (C.A. 6, 1962), affirming a Memorandum Opinion of this Court. There is no evidence that her itinerary was so planned or arranged as to provide any teaching material for her sixth grade class. She visited the standard tourist attractions - beaches, museums, and art galleries. Indeed, there is no evidence that anything learned by petitioner while traveling in Europe was ever used significantly in her classroom. This *79 trip was quite similar to her other travels, and we think it was primarily a vacation trip. While foreign 1186 travel may have general cultural value and even some educational value, we do not think that petitioner has shown that her trip to Europe in 1964 was "directly" related to her work, or maintained or improved the skills required in her employment, in the manner contemplated by the regulations quoted above. Cf. Adelson v. United States, 342 F. 2d 332 (C.A. 9, 1965); Fugate v. United States, 259 F. Supp. 398 (W.D. Tex. 1966), affirmed per curiam 386 F. 2d 188 (C.A. 5, 1967); Dennehy v. Commissioner, supra.[4]
The cases relied on by petitioner do not aid her cause. Hill v. Commissioner, 181 F. 2d 906 (C.A. 4, 1950), involved a teacher who was required by her employer to attend *80 summer school or take an examination on selected books as a prerequisite for renewal of her teacher's certificate. Brooks v. Commissioner, 274 F. 2d 96 (C.A. 9, 1959), involved travel required to enable the taxpayer to perform her research duties. In neither of these cases, where deductions were allowed, was there such a complete absence, as we have here, of any direct connection between the expenses and the taxpayer's business. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩
2. Petitioner elects to rely on the 1967 amendments to sections 1.162-5 and 1.262-1 of the Income Tax Regulations, published as T.D. 6918, 1967-1 C.B. 36, which in pertinent part provide as follows: § 1.162-5. Expenses for Education. (a) General rule. - Expenditures made by an individual for education * * * are deductible as ordinary and necessary business expenses * * * if the education - (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation. * * * (d) Travel as a form of education. - * * * [Expenditures] for travel * * * as a form of education are deductible only to the extent such expenditures are attributable to a period of travel that is directly related to the duties of the individual in his employment or other trade or business. For this purpose, a period of travel shall be considered directly related to the duties of an individual in his employment or other trade or business only if the major portion of the activities during such period is of a nature which directly maintains or improves skills required by the individual in such employment or other trade or business. * * *↩
3. Respondent contends that the "More Effective Schools" program was not initiated until September 1964. The record is confusing on this point, but we think it relatively unimportant whether the school was to receive its special designation in September 1964 or had received it one year earlier.↩
4. Having decided the case on the foregoing basis, we do not reach respondent's argument that petitioner has not substantiated her expenses in the manner prescribed by the regulations issued under section 274. cf. William F. Sanford, 50 T.C. 823 (1968), affirmed per curiam 412 F. 2d 201↩ (C.A. 2, 1969).