GLENCORA MACDONALD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
MacDonald v. Commissioner
Docket No. 4684-78.
United States Tax Court
T.C. Memo 1980-203; 1980 Tax Ct. Memo LEXIS 383; 40 T.C.M. (CCH) 467; T.C.M. (RIA) 80203; June 16, 1980, Filed Glencora Macdonald, pro se. Thomas C. Boscarino, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $520 in petitioner's Federal income tax for the year 1975. A concession having been made, the only issues remaining for decision are (1) whether expenditures for travel incurred by petitioner *384 during that year constitute educational expenses which are deductible under section 162 [1] and, if so, (2) whether petitioner has substantiated such expenses as required by section 274. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. At the time of filing the petition herein, petitioner was a resident of Ridgefield, Connecticut. Petitioner filed her individual Federal income tax return for the taxable year 1975 with the Andover Service Center, Andover, Massachusetts. Petitioner is a high school English teacher and in 1975 was teaching English courses for the 9th, 10th, 11th, and 12th grade classes at Grover Cleveland High School in Queens, New York. Petitioner had been teaching at Grover Cleveland High School since 1966. Her courses covered a traditional high school curriculum, including American, English, and a little European literature. Petitioner applied for and *385 was granted a sabbatical from teaching for rest purposes for the period July 1974 through August 1975. The contract between the New York State Board of Education and the United Federation of Teachers that was in effect during the 1974-1975 academic year provided that sabbaticals could be applied for by eligible teachers on any one of four bases: rest, restoration of health, education, and travel. At the time that she chose to apply for her sabbatical, petitioner was aware that there was a possibility of getting a sabbatical for travel, but, because her plans were uncertain and because a teacher on a sabbatical for travel was required to keep an itinerary and a diary and make a report to the superintendent of schools at the conclusion of such travel, she chose not to elect such sabbatical leave. In January 1975, petitioner went to Durham, North Carolina. She remained there for five months, returning home at the beginning of June 1975. Petitioner initially went to Durham because she had made an appointment for a physical examination and medical tests at the Duke University Medical Center. When the tests indicated that she needed medical treatment, she decided to remain in Durham *386 to receive it, although she knew that similar treatment was available in New York City. Throughout her stay in Durham, petitioner under-went medical treatment as an outpatient at the Duke University Medical Center on a regular basis. Petitioner lived in the Duke Motor Lodge during her stay in Durham. During the summer of 1975, petitioner spent approximately two months (July and August) traveling in Europe, including visits to Spain, Portugal, and England. Petitioner's activities in Europe were those typically engaged in by tourists. Petitioner did not keep an itinerary or a diary of her activities during her stay in Durham, North Carolina, or while traveling through Europe. She returned home sometime prior to the beginning of the 1975 fall term at Grover Cleveland High School. She did not make any presentations to her classes using any slides, movies, or other materials which she had acquired while on her sabbatical trips. On her 1975 Federal income tax return, petitioner deducted as business expenses incurred for education $1,000 attributed to the trip to Durham, North Carolina, and $1,000 attributed to her trip to Europe. Respondent disallowed these deductions. *387 OPINION The first issue for decision is whether expenditures incurred by petitioner for travel in Durham, North Carolina, and in Europe are deductible as business expenses under section 162. [2] Petitioner contends that these trips were of educational benefit to her in her capacity as a high school English teacher and that a deduction for such expenditures should, therefore, be allowed. Respondent argues that such expenses were nondeductible personal expenses. See section 262. We agree with respondent. Section 1.162-5(d), Income Tax Regs., provides that a deduction for expenditures for travel, as a form of education, shall be allowed "only to the extent such expenditures are attributable to a period of travel that is directlyrelated to the duties of the individual in his employment." (Emphasis added.) That regulation further provides that "a period of travel shall be considered directly related to the duties of an individual in his employment * * * only if the major portion of the activities during such period is of a nature *388 which directly maintains or improves skills required by the individual in such employment ." (Emphasis added.) Whether "the major portion" of petitioner's travel activities were "directly related" to her duties as an English teacher is a question to be resolved on the basis of the particular facts and circumstances revealed in the record herein, with petitioner having the burden of proof. Marlin v. Commissioner,54 T.C. 560, 565 (1970); see also Carroll v. Commissioner,51 T.C. 213, 217 (1968), affd. 418 F.2d 91 (7th Cir. 1969); Rule 142, Tax Court Rules of Practice and Procedure.
Petitioner asserts, in support of her position, that several of the books included in the curriculum of her high school English classes were set in the South or in England and that travel in those places gave her a greater capacity to understand and to teach such literature. She also alleges that a substantial minority of her students were Hispanic and that travel in Spain gave her insight into Hispanic culture. It has been repeatedly held, however, that the general cultural broadening which travel provides, while unquestionably of some educational *389 value, does not bear the direct relationship to the maintenance or improvement of particular skills used in a taxpayer's employment that is required if travel expenditures are to be deductible as ordinary and necessary business expenses. See Krist v. Commissioner,483 F.2d 1345, 1350-1351 (2d Cir. 1973), reversing a Memorandum Opinion of this Court; Adelson v. United States,342 F.2d 332 (9th Cir. 1965). Nor is increased rapport with foreign students in itself sufficient to allow such a deduction. Gino v. Commissioner,60 T.C. 304, 310-311 (1973), [3] revd. per curiam on another issue 538 F.2d 833 (9th Cir. 1976). The evidence in the record before us in regard to petitioner's activities while traveling is scant. Petitioner did not keep a diary or itinerary of her activities while traveling and did not testify in detail as to such activities. There is no indication in the record that her activities varied in any way from those of the ordinary *390 tourist. See Krist v. Commissioner,supra at 1351; Gino v. Commissioner, supra.She testified that she did not make any presentations to her classes on the basis of materials obtained during her travels. We conclude that the nexus between petitioner's travel expenditures and her teaching skills was too tenuous to satisfy the requirements of the statute and regulation and that such expenditures were personal and nondeductible. Section 162. In any event, even if we had found that her travel expenditures were ordinary and necessary business expenses, we would conclude that such expenditures were not deductible. Section 274(d) allows a deduction for travel expenses only if the time, amount, and business purpose of such expenses are substantiated by adequate records or by sufficient evidence corroborating the taxpayer's own statement. Petitioner kept no records and introduced no evidence to corroborate her testimony as to the business purpose of her trips. In accordance with the foregoing and the concession made by petitioner, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect in the taxable year at issue, unless otherwise provided.↩
2. No issue has been raised with respect to a medical expense deduction for any of the expenses at issue involving travel to Durham.↩
3. We note that the evidence presented does not, in any case, persuade us that petitioner's travels in Spain had any effect on her ability to relate to Hispanic students.↩