JOHN A. REILLY and MARIE C. REILLY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reilly v. Commissioner
Docket No. 9591-76.
United States Tax Court
T.C. Memo 1979-253; 1979 Tax Ct. Memo LEXIS 272; 38 T.C.M. (CCH) 1010; T.C.M. (RIA) 79253; July 5, 1979, Filed John A. Reilly, pro se. Dorothy W. Westover, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined deficiencies in the amounts of $2,579 and $4,224 in petitioners' Federal income taxes for 1973 and 1974, respectively. The following issues are presented for decision: 1. Whether petitioners, both teachers, are entitled to deduct as educational expenses the cost of four cruises and four automobile trips taken in 1973 and 1974. 2. Whether petitioners are entitled to deductions in excess *273 of the amounts allowed for transportation expenses incurred in connection with their educational activities. 3. Whether petitioners are entitled to deductions in excess of the amounts allowed for certain courses of study which they took in 1973 and 1974. 4. Whether petitioners are entitled to deductions for rental expenses in excess of the amounts allowed in respect of the rental of their California home. 5. Whether petitioners are entitled to sales tax deductions in excess of the amounts allowed for 1973 and 1974. 6. Whether petitioners are entitled to a moving expense deduction claimed for 1974. 7. Whether petitioners are entitled to deductions for contributions in excess of the amounts allowed for 1973 and 1974. 8. Whether petitioners are entitled to deductions for expenses incurred in 1973 and 1974 in excess of the amounts allowed for an office in their home. 9. Whether petitioners are entitled to miscellaneous itemized deductions in excess of the amounts allowed for 973 and 1974. 10. Whether petitioners are entitled to miscellaneous business expense deductions for 1973 and 1974. 11. Whether petitioners are entitled to a deduction for expenses *274 allegedly incurred in a real estate salesman's job in 1974. FINDINGS OF FACT At the time their petition was filed, petitioners were legal residents of Van Nuys, California. They filed their Federal income tax returns for 1973 and 1974 with the Internal Revenue Service Center, Fresno, California. During 1973 and 1974, both petitioners John A. Reilly (hereinafter John) and Marie C. Reilly (Marie) were employed as teachers in the Los Angeles City Public Schools system. Both of them hold masters degrees. John taught in a "continuation" school where the students were unable to adjust to a regular high school situation. In 1973, Marie taught a curriculum enrichment course for grades 4 through 6 and in 1974 she taught kindergarten. From September 1974 to June 1975, John and Marie were on a two-semester sabbatical leave from their teaching assignments. They received 50 percent of their respective salaries during that leave and agreed to return to full-time service with the Los Angeles City Public Schools system for a period equal to twice the period of their sabbatical leave or 2 years. They also agreed they would not work at an outside job during their leave. Issue 1. *275 Teacher Travel
During 1973 and 1974, petitioners claimed deductions for the cost of four cruises and four automobile trips as educational expenses as follows: (a) On April 13, 1973, they left Los Angeles for Miami, Florida, where they began an 8-day Caribbean cruise on the TSS Mardi Gras. The ports of call were San Juan, Puerto Rico (arrival April 16, at 5 p.m., departure April 17 at 2 a.m.); St. Croix, Virgin Islands (arrival April 17 at 8 a.m., departure April 17 at 5 p.m.); Charlotte Amalie, St. Thomas, Virtin Islands (arrival April 17 at 8 p.m., departure April 18 at 5 p.m.); Nassau, Bahamas (arrival April 20, at 1 p.m., departure April 20, at 8 p.m.); Miami, Florida (arrival April 21 at 8 a.m.). John left the cruise trip on April 18 and arrived in Boston, Massachusetts, on April 19. He returned to Miami on April 21 where he rejoined Marie. They spent the nights of April 21 and 22 in Orlando, Florida, where they visited Walt Disney World, and returned to Los Angeles on April 23. For this trip they claimed deductions on their 1973 income tax return as follows: Total fare package $ 746.00
Hotel expense, 2 nights
44.00
Taxis
64.20
Meals
154.75
Tips
78.50
Telephone
14.50
Cleaning and laundry
26.41
Admissions
16.50
Miscellaneous transportation
37.65
Teaching materials, film, etc.
132.45
Total travel expenses
$1,314.96
*276 (b) From June 25, 1973 through July 9, 1973, petitioners traveled from Los Angeles to Victoria, British Columbia, and return. They spent several days in San Francisco en route and returned by way of Yakima, Washington; Klamath Falls, Oregon; Reno, Nevada, Lake Tahoe and Mammoth Lake, California. For this trip they claimed a deduction of $973.74, including the cost of their automobile's use, computed at the rate of 12 cents per mile for 3,707 miles, motels, meals, tips, parking, and other items of expense normally incurred in travel. Respondent allowed a deduction of $50 for some teaching materials allegedly purchased. (c) On August 1, 1973, petitioners traveled by air from Los Angeles to Boston, Massachusetts, by way of New York City, and returned to Los Angeles on August 31, 1973. Petitioners' parents lived in the Boston area, and petitioners stayed with them. Both petitioners were born and grew up in New England.While on this trip they traveled by automobile to various cities in New England. For this trip, they claimed a deduction of $1,474.99, consisting of air fare, meals, admissions, and mileage for use of an automobile. Respondent disallowed all of this deduction except *277 $50 for some teaching materials allegedly purchased. (d) From December 21, 1973 to December 31, 1973, petitioners took another 8-day Caribbean cruise on the TSS Mardi Gras. Their ports of call were San Juan, Puerto Rico, and St. Thomas, Virgin Islands. For this trip they claimed a deduction totaling $1,206.81, consisting of the fare package, taxes, meals, tips, admissions, and other items. (e) From April 2, 1974 to April 12, 1974, petitioners took a cruise on the SS Spirit of London. The ports of call in Mexico were Puerto Vallarta, Acapulco, and Mazatlan.For this trip petitioners claimed a deduction of $1,925.65, consisting of the tour package, meals, tips, taxis, and other expenses. (f) On June 16, 1974, petitioners traveled by air to and returned by ship from Santa Catalina Island which is situated about 25 miles off the coast from Los Angeles.For this trip, they claimed a deduction of $100, including mileage to San Pedro, air fare, boat fare, meals, tips, and taxi fares. (g) From June 21, 1974 to July 5, 1974, petitioners took a 14-day cruise on the SS Arcadia from Los Angeles to Sitka, Alaska, with stops at San Francisco; Victoria and Vancouver, British Columbia; *278 Ketchikan and Juneau, Alaska. For this trip, petitioner took a deduction of $2,129.30, including the tour package, meals, tips, tours, admissions, and the like. (h) From November 5, 1974 to November 17, 1974, petitioners took an automobile trip from Falmouth, Massachusetts to Albany and Buffalo, New York; Toronto, Ottawa, Montreal, Edmunston, Moncton, and Halifax, Canada; Portland, Maine; and return to Falmouth, Massachusetts. For this trip, petitioners claimed a deduction of $1,237.90. Issues 2 and 3. Education Expenses
On their income tax returns for 1973 and 1974, petitioners claimed tuition (and related expenses) and mileage expenses as education expenses and respondent allowed the amounts indicated: Tuition
Mileage
Parking
Books and Misc.
Claimed: 1973
$615.70
$1,222.32
[1] $13.75
[2] $297.95
1974
429.25
[3] 2,032.50
9.50
337.80
Allowed: 1973
183.70
310.00
0
77.00
1974
0
150.00
0
7.45
*279 Included in those expenses were the costs of courses which John took at Beverly College of Law--Facts, Contracts, Legal Analysis, and Legal Bibliography--for which he deducted on the 1973 return tuition of $415, books of $14.95, mileage of $694.20, and miscellaneous costs of $32.60, for a total of $1,156.75. Also included in the disallowed amounts for 1973 were costs for a travel class attended by John and Marie and for which they deducted tuition of $17, books of $6.50, mileage of $58.32, and miscellaneous costs of $38.70. In addition, petitioners claimed education expense deductions for numerous courses which Marie attended and one course which John attended while in California. Those courses improved petitioners' skills as teachers. The costs deducted relating to those courses were tuition of $183.70, books of $77, mileage of $469.80, parking of $13.75, and miscellaneous expenses of $113.20. Respondent allowed the entire deduction for tuition and books, and $310 for mileage and parking. He disallowed all of the miscellaneous expenses. On their 1974 income tax return petitioners claimed an education expense deduction of $767.05 for tuition, books, and miscellaneous expenses; *280 education mileage of $2,032.50 (an estimated amount); and parking expenses of $9.50. Included in those expenses were the cost of a course in Federal income tax sources and application which John took at Boston State College in Massachusetts for which petitioners deducted tuition of $81, books of $12.40, mileage of $537, and miscellaneous expenses of $19.95. Respondent disallowed all of those deductions. In addition, respondent disallowed the deductions for tuition of $50, for books of $16.25, for miscellaneous expenses of $16.75, and for mileage of $137.70 which petitioners claimed for German language and Portuguese language courses which Marie took at Falmouth Adult School in Massachusetts. John and Marie took numerous other courses during 1974 which improved their skills as teachers. On their return for that year, petitioners deducted tuition of $298.25, books of $76.45, miscellaneous expenses of $196, and mileage and parking of $1,367.30. Expenditures for tuition and $7.45 for books were substantiated. Respondent allowed deductions of only $150 for mileage and $7.45 for books. Issue 4. Rental Expense
In June 1974, petitioners rented their California home to tenants. *281 On their income tax return for 1974, petitioners claimed rental expense deductions totaling $2,048.48, all of which were disallowed. Respondent has conceded that petitioners are entitled to a rental expense deduction of $1,633.48 for 1974. Issue 5. Sales Tax
On their return for 1973, petitioners claimed a sales tax deduction in the amount of $519, and respondent allowed only $243 of the amount claimed. On their return for 1974, petitioners claimed a sales tax deduction of $361, and respondent allowed only $142 of the amount claimed. Issue 6. Moving Expense
On their return for 1974, petitioners claimed a deduction for moving expenses in the amount of $2,436.12, consisting of the following: 1. Expenses incident to the
leasing of their California home
$315.00
2. Transporting two cars and a dog
614.00
3. Travel expenses from California
to Massachusetts including air-
fare, taxis, etc.
551.72
4. Living expenses in Massachusetts
for 30 days
643.15
5.Expense of renting a new resi-
dence in Massachusetts
312.25
Petitioners actually spent $447 for their airfare (item 3), $629 to ship two cars to Massachusetts e8item 2), and $300.95 *282 in leasing a new residence in Massachusetts (item 5).
While on their sabbatical leave from their teaching positions with the Los Angeles City Public Schools system for the period September 1974 to June 1975, petitioners lived in Massachusetts. While in Massachusetts they attended classes at Boston State College and Bridgewater State College one day per week. The Los Angeles City Public Schools system did not require petitioners to attend any particular college or university while on sabbatical leave. Issue 7. Charitable Contributions
On their income tax return for 1973, petitioners claimed a charitable contributions deduction totaling $1,605.50, and respondent allowed a deduction of $731.50. On their income tax return for 1974, petitioners claimed charitable contributions deductions totaling $1,433.52, and respondent has agreed that $388 may be allowed. Issue 8. Office in Home
On their income tax return for 1973, petitioners claimed a deduction of $1,035.10 for two offices in their home. In addition they claimed a total of $304.22 as items allocated in part to home office expenses. Respondent allowed $326 as a deduction for this purpose, disallowing $709.10 *283 ($1,035.10 minus $326) as well as the allocated items totaling $304.22. On their 1974 return, petitioners claimed $1,208.13 for two offices in their California home. In addition, they claimed a deduction of $160.20 in respect of one office in their Falmouth, Massachusetts, residence. Respondent allowed a total deduction of $326. Issue 9.Miscellaneous Itemized Deductions
On their income tax return for 1973, petitioners claimed miscellaneous itemized deductions in the amount of $4,036.38. Of that total, deductions in the amount of $913.65 related to petitioners' claimed education expense deduction and are included in our Findings under issues 2 and 3. In addition, deductions in the amount of $1,339.32 related to petitioners' claimed home office expense and are included in our Findings under issue 8. Of the remaining deductions in the amount of $1,783.41, respondent disallowed $1,067.02. On their income tax return for 1974, petitioners claimed miscellaneous itemized deductions totaling $5,114.62. Included were deductions of $767.05, $1,368.33, and $2,048.48 which related to claimed education expense, home office expense, and rental expense deductions, respectively, *284 and are included in our Findings under related issues. Of the remaining $930.76, respondent allowed $300. Issue 10. Miscellaneous Busines Deductions
On their income tax returns for 1973 and 1974, petitioners claimed deductions from gross income in the amount of $398.08 and $296.50, respectively, for: Unreimbursed professional mileage [for both petitioners] as educators concerning directly related professional duties, e.g. conferences with parents, curriculum committees, case conferences, professional meetings and primary grade/reading meetings. In addition, on their 1973 and 1974 returns, petitioners claimed deductions from gross income in the amounts of $357.57 and $274.90, respectively, for: Quiet business meals and mileage [for John] as continuation education educator for the express purpose of discussing information concerning students, administrative policies, curriculum, and etc. None of the activities for which deductions were claimed were required of petitioners by their school boards. Respondent disallowed the entire amounts of the deductions for both 1973 and 1974. Issue 11.Real Estate Salesman's Expenses
Petitioners claimed on their *285 income tax return for 1974 real estate salesman's expense deductions as follows: Mileage -- salesman
$677.50
Subscriptions
33.50
Sales license renewal and
related mileage
50.80
Brokers exam fee
15.00
Education
25.00
Education related mileage
112.80
Telephone
65.00
Postage
18.00
$997.60
None of the expenses claimed were verified except for one $25 payment to the Cape Cod Board of Realtors. Petitioners did not report on their return for that year any income from such activity. Respondent disallowed the entire $997.60 deduction. OPINION Issue 1. Teacher Travel
In general, a taxpayer's " expenditures for travel (including travel while on sabbatical leave) as a form of education" are considered as primarily personal in nature and therefore not deductible. Sec. 1.162-5(d), Income Tax Regs. If a taxpayer travels away from home primarily to obtain education the expenses of which are deductible, expenditures for the related travel may be deductible. Whether a trip is primarily personal or primarily to obtain education *286 the expenses of which are deductible depends upon whether the travel is directly related to the duties of the individual. An important factor also to be taken into account in making the determination "is the relative amount of time devoted to personal activity as compared with the time devoted to educational pursuits." Sec. 1.162-5(e), Income Tax Regs.
Quite obviously, petitioners have not shown that their Caribbean, Alaska, and other cruises or their long automobile trips had any direct relationship to their teaching positions. All of petitioners' testimony about learning the cultural background of their students was "window dressing." Petitioners' travel in 1973 and 1974 was the same kind of travel which thousands of tourists enjoy each year. " There was nothing about it that was any more suited for a teacher than for some widow who was travelling on the proceeds of her deceased husband's life insurance." Fugate v. United States,259 F.Supp. 398, 401 (W.D. Tex. 1966), affd. per curiam 386 F.2d 188 ( 5th Cir. 1967). The entire amount in dispute must be disallowed. Issues 2 and 3. Education Expense
Petitioners *287 obviously are not entitled to the full amount of the education expense which they claimed. John's law school expenses are nondeductible because they will qualify him for a new trade or profession. Sec. 1.162-5(b)(3), Income Tax Regs:, Bodley v. Commissioner,56 T.C. 1357, 1360 (1971). Since the law school course expenses are not deductible, it is clear that the related transportation and parking expenses also may not be deducted. In addition, the costs of the income tax course taken by John, the foreign language courses taken by Marie, and the travel class taken by both of them may not be deducted since it was not shown that the courses improved petitioners' skills as teachers. On consideration of all the evidence, we conclude that, including the amounts allowed by respondent, petitioners are entitled to the following education expense deductions: 1973
$570.70
1974
$455.70
Issue 4. Rental Expense
Petitioners have not established that they incurred rental expenses in 1974 in excess of the $1,633.48 conceded by respondent. *288 Accordingly, the $415 in excess of that amount must be disallowed. Issue 5. Sales Tax
On this issue petitioners make no argument and offered no evidence. We assume that it has been abandoned. Issue 6. Moving Expense
Careful study of the record on this issue convinces us that petitioners are attempting to abuse the educational expense deduction. Section 162(a)[1] allows a deduction for ordinary and necessary expenses incurred in carrying on a trade or business. To the extent that education maintains or improves skills required by the individual in his employment or meets the express requirements of his employer, a deduction is permitted. Sec. 1.162-5(a), Income Tax Regs.
Petitioners are here claiming deductions for moving themselves, their household, their cars, and their dog from Los Angeles, where they lived and were employed, to Massachusetts, where both of them were reared and where their families lived. *289 They personally traveled by airplane and included in their cost of transporting their cars the sum of "$243.28 which was paid by the drivers of these cars for various repairs to these cars during this cross-country trip." In Massachusetts, they took classes only oe day a week, and the courses they took were routine college courses. John took three courses in physical education and one in Federal income tax, and Marie took courses in instructional television, bilingual methods and materials, communication disorders, and correction of reading difficulties. There is no showing that these specific courses were required of or needed by petitioners in their teaching work for the Los Angeles schools. Nor is there any evidence that Boston State College and Bridgewater State College, which they attended, were extraordinarily well equipped to teach those courses. We are left with the firm conviction that the decision to attend New England schools one day a week rather than schools near their home in California was dictated by a desire to spend time in New England and attending the New England schools was only incidental to their year's sojourn at a home on Cape Cod near the home of their *290 parents. The expenses enumerated in our Findings on this issue were not incurred by petitioners in carrying on their business as school teachers but were incurred for their personal satisfaction and pleasure. Indeed, much of their time was spent on long automobile trips through the New England and nearby Canadian areas. Apart from their expenses directly related to their courses of study, discussed above, these claimed deductions are not allowable because they were purely personal expenditures. Issue 7. Charitable Contributions
We are not satisfied that petitioners made charitable contributions in excess of the amounts allowed or stipulated by respondent. The testimony offered to support additional amounts was not credible. We are aware that the amounts of cash charitable contributions, the value of clothing donated to charitable organizations, and the mileage driven on behalf of charitable organizations are often estimated. But petitioners' vague and rambling testimony, particularly when viewed in the light of the fragile or plainly spurious justification offered for other claimed deductions, on this issue provides no basis for the allowance of additional amounts. *291 Issue 8. Office in Home
Petitioners offered no evidence on this issue. While they were admittedly away from California and in Massachusetts during most of the last 6 months of 1974, they claimed an even larger deduction for their California home office in that year than in 1973. In addition, they claimed a deduction or a room in their Massachusetts residence. The burden of proof rested with petitioners and on this issue they have offered no evidence to meet the requirements of Bodzin v. Commissioner,509 F.2d 679 (4th Cir. 1975), revg. 60 T.C. 820 (1973), cert. denied 423 U.S. 825 (1975); Sharon v. Commissioner, 591 F. d 1273 (9th Cir. 1978), affg. 66 T.C. 515 (1976). Issue 9. Miscellaneous Itemized Deductions
In addition to those deductions relating to education, home office, and rental activities which petitioners claimed on their 1973 and 1974 returns and which we discussed above in issues 2, 3, and 8, petitioners also claimed in those years numerous other miscellaneous itemized deductions. Following is a table detailing those deductions, the amounts respondent disallowed, and the amounts which *292 we think petitioners are entitled to deduct: Amt. Claimed
Amt. Disallowed
Amt. Allowed
1973
1974
1973
1974
1973
1974
Educ. tools $ 217.60
$ 67.50
0
$217.60
$ 67.50
Prof. lib.
146.89
177.61
0
146.89
177.61
Books
97.50
0
0
97.50
0
Nat. teachers'
exam.
9.00
0
0
9.00
0
S.F.V. reading
6.00
0
0
6.00
0
Transcripts
6.00
0
0
6.00
0
Radio
21.65
21.65
0
21.65
21.65
Postage
19.75
26.80
0
19.75
26.80
Prof. subs.
164.00
47.00 $ 61.00
103.00
29.52
P.T.A. mileage
93.87
85.70
32.87
61.00
55.67
Calc. & cassettes
0
0
(28.00)
28.00
0
Prof. adm.
274.70
164.60
274.70
0
0
Prof. mileage
281.61
204.70
281.61
0
0
Inv't. counsel
mileage
29.34
0
29.34
0
0
Inv't. subs.
17.50
27.85
17.50
0
0
Tax books
18.50
12.00
18.50
0
0
Travel club
100.00
0
100.00
0
0
Classroom watch
10.80
10.80
10.80
0
0
Watch repair
22.00
0
22.00
0
0
T.V. dep.
78.00
78.00
78.00
0
0
T.V. repair
60.00
0
60.00
0
0
T.V. Antenna
6.55
6.55
6.55
0
0
Telephone expense
37.45
0
37.45
0
0
P.E. equip.
64.70
0
64.70
64.70
0
$1,783.41
$930.76
$1,067.02
[1] $630.76
$781.09
$378.75
*293 Respondent determined that for 1973 petitioners were entitled to the entire amount of the claimed deductions for the items listed from "Education tools" through "Post-age." For 1974, we think petitioners are entitled to deductions for corresponding items claimed in that year. Also for 1973, respondent determined that petitioners were entitled to only a part of their claimed deductions for "Professional subscriptions" and "P.T.A. mileage." In light of petitioners' failure to present any evidence, Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111, 115 (1933), that the amount allowed for those items was unreasonable, we will not change respondent's determination for 1973. We will allow petitioners for 1974 a similar percentage of their claimed deductions for the two items. Cohan v. Commissioner,39 F.2d 540, 543-544 (2d Cir. 1930). Similarly, for failure to present any evidence substantiating the deductions or showing that the alleged expenses were ordinary and necessary, petitioners are not entitled for either 1973 or 1974 to the *294 deductions claimed for the items listed from "Professional admissions" through "Telephone expense." It is our opinion that respondent's determination was in error only with regard to the deduction in the amount of $64.70 claimed by petitioners in 1973 for physical education equipment. Respondent determined that petitioners were not entitled to that deduction since neither was a physical education teacher. The evidence clearly shows and respondent admitted at trial, however, that John taught physical education during 1973. For that reason we will allow that deduction. Issue 10. Miscellaneous Business Deductions
On their income tax returns for 1973 and 1974, petitioners claimed the following deductions from gross income: 1973
1974
Unreimbursed professional mileage
$397.08
$296.50
Quiet business meals and mileage
357.57
274.90
We agree with respondent that petitioners are not entitled to those deductions. Section 1.162-1(a), Income Tax Regs., provides that: Business expenses deductible from gross income include the ordinary *295 and necessary expenditures directly connected with or pertaining to the taxpayer's trade or business * * *. See also Henry v. Commissioner,36 T.C. 879, 884 (1961); Reed v. Commissioner,35 T.C. 199, 202 (1960). Here the expenditures were not a necessary expense of petitioners' jobs as school teachers. With regard to the deduction for unreimbursed professional mileage, John testified at trial that it related to nonmandatory meetings and conferences attended by him and Marie. The expenditures for "quiet" meals and mileage were also apparently voluntary. John testified that the teachers at his school would go out to lunch with the express purpose of discussing policies that could not be discussed at the school because students would overhear the discussions. We find this testimony incredible. Issue 11. Real Estate Salesman's Expenses
Petitioners claimed on their 1974 return a deduction totaling $997.60 for expenses which they assert John incurred while working as a real estate salesman for Al-way Agency Realtors, Woods Hole, Massachusetts, from September 3, 1974 to December 31, 1974. None of the expenses claimed were verified except *296 for one $25 payment to the Cape Cod Board of Relators. We agree with respondent that petitioners are not entitled to any part of the claimed deduction. Petitioners failed to present any evidence, exclusive of the statement on their return in which they detailed John's purported expenses, that he was a real estate agent during the fall of 1974. The most conclusive evidence that John was engaged in such activity, that he earned income, was inexplicably absent from petitioners' 1974 return. Although petitioners attached to the return a detailed schedule of expenses purportedly relating to the activity, they failed to substantiate, except for the $25 payment, any of the expenses. We can therefore neither use the statement of expenses as indirect proof of John's activities nor as evidence in itself that the expenses are properly deductible under section 1962. Welch v. Helvering,supra at 115; Rule 142(a), Tax Court Rules of Practice and Procedure.
Although petitioners did substantiate $25the payment to the Cape Cod Board of Realtors, they did not establish the necessary connection between the payment and John's purported real estate activities. We recognize *297 that on the statement of expenses included in their return petitioners listed a payment of $25 for a course entitled "Practical Knowledge of Real Estate." Assuming that the payments are one and the same, in light of petitioners' failure to establish that John was employed as a real estate salesman and that the course was required for that position, the payment is not deductible. Petitioners likewise failed to prove that the course improved or maintained his skills as a teacher. From the course title, it appears to be of the type that would prepare him for a new career, sec. 1.162-5(a) and (b), Income Tax Regs., or would be a nondeductible personal expense, sec. 262. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. The individual items listed under parking on petitioners' return total $14.25. ↩
2. Petitioners deducted books of $98.45 and miscellaneous of $199.50. However, the items listed under miscellaneous total only $184.50. ↩
3. The mileage listed on petitioners' return computes to only $2,005.65.↩
1. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue, unless otherwise noted.↩
1. Respondent did not allocate amongst the various items the $630.76.↩