SIRO L. MARCHIONNI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Marchionni v. Commissioner
Docket No. 8008-74.
United States Tax Court
T.C. Memo 1976-300; 1976 Tax Ct. Memo LEXIS 103; 35 T.C.M. (CCH) 1342; T.C.M. (RIA) 760300; September 23, 1976, Filed Siro L. Marchionni, pro se. Judith A. Knape, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent has determined a deficiency of $417.42 in petitioner's Federal income taxes for the taxable year 1972. Due to concessions by the parties, the sole issue for our decision is whether under section 162 of the Internal Revenue Code of 1954[1] petitioner is entitled to deduct as ordinary and necessary business expenses certain expenses he incurred in visiting Europe while on sabbatical leave from his duties as a teacher. *104 FINDINGS OF FACT Most of the facts have been stipulated and are found accordingly. Petitioner was a resident of Milmont Park, Pennsylvania at the time his petition was filed. For the taxable year 1972 petitioner and his spouse, Carmella N. Marchionni, filed a joint return with the Internal Revenue Service Center at Philadelphia, Pennsylvania. Petitioner uses the cash basis method of accounting to compute his income tax. Petitioner has been a teacher for almost 20 years. At all times material here, he was employed to teach commercial courses and fencing in the Philadelphia public school system. Commercial courses taught by petitioner included bookkeeping and distribution (marketing and sales). In 1972, teachers in the Philadelphia public school system were entitled but not required to take a 1 year sabbatical for travel, study, or health reasons. Those on sabbatical received 50 percent of their normal salary. Eligibility requirements for the sabbatical included the completion of 10 years of satisfactory service [2] in the public schools of the State and at least 5 years served in the Philadelphia school system. In addition, the Board of Education required applicants *105 to agree to return to the service of the Philadelphia public school system for a period at least equal to their leave and to submit a brief report at the end of their leave. Those granted a sabbatical for travel were not allowed to remain at home for any substantial period nor return home for visits during the leave. A total cumulative allowance of not more than 1 month at home was permitted for preparation periods at the beginning and end of the leave period. In 1972, petitioner applied for a sabbatical leave for travel purposes for the 1972-1973 school year. This request was subsequently approved by the Board of Education. Petitioner, his wife and son traveled to Italy via an ocean liner in September 1972. While in Italy, petitioner and his family lived in an apartment in Rome, and made short trips elsewhere in Italy, and to Austria, France, Switzerland, and West Germany. Petitioner has relatives in Italy, whom they visited (approximately once a week) but did not stay with. Petitioner's activities in Europe consisted of sightseeing and traveling. His activities included observation *106 of advertising practices in the printed, electronic, and billboard media. Petitioner also occasionally discussed marketing practices with storekeepers and once visited a fencing school. On his return to Philadelphia, petitioner sent a letter to the school board in which he stated: I now heartily feel that the greatest accomplishment is a much greater appreciation of our country than before, and this can't help but be transmitted in my contact with the youths in our schools. On his 1972 income tax return, petitioner deducted $1,429.10 sabbatical leave expense under the heading of Professional and Miscellaneous Expenses. This amount represented the cost of his travel to and within Italy, lodging and miscellaneous expenses for the period between September 19, 1972 and December 31, 1972. Petitioner also deducted food expenses of $1.50 per day for 93 days, calculated as the difference between what he spent in Italy and what he would have spent at home. Petitioner did not deduct any of the expenses that his wife and children incurred in accompanying him to Italy. Respondent disallowed the deduction of $1,429.10 claimed for sabbatical travel expenses on the basis that the amount *107 had not been substantiated and, alternatively, that the necessary relationship to his teaching skills had not been established. [3]
OPINION The sole issue for our determination is whether petitioner is entitled to deduct expenses incurred while on sabbatical leave for travel in Europe. Respondent contends that these expenses were personal in nature and therefore should be disallowed under section 262. [4] Respondent argues that petitioner has failed to establish the direct benefit inuring to his employment skills that is a prerequisite for deduction as an ordinary and necessary business expense pursuant to section 162. [5] Petitioner contends that because his employer allowed sabbatical for travel purposes, and because he was required to travel once the leave was granted, that his expenses should therefore be deductible. *108 The regulations under section 162 provide that expenditures for sabbatical travel are deductible as ordinary and necessary business expenses "only if the major portion of the [sabbatical] activities * * * is of a nature which directly maintains or improves skills required by the individual in such employment." Sec. 1.162-5(d), Income Tax Regs.[6]
*109 Whether a taxpayer meets this test for deductibility is a question of fact. Stanley Marlin,54 T.C. 560, 565 (1970). The burden of proof is on petitioner to overcome respondent's determination. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. We find that petitioner has failed to meet his burden. This finding is based on the minimal extent of petitioner's work-related activities. Petitioner's general travel undoubtedly was a culturally enriching experience of value to himself, his school district, and his students. "The virtue of travel as part of a liberal education has long been accepted as established," but it does not necessarily follow that expenses incurred by a teacher for travel are deductible under section 162. Adelson v. United States,342 F. 2d 332, 335 (9th Cir. 1965). The travel must be of a nature to directly improve the traveler's particular skills. Petitioner's general travel and sightseeing activities were not of a nature to directly maintain or improve the skills required by him to teach business courses and fencing. Cf. Stanley Marlin,supra. *110 Petitioner's observations of marketing practices in Europe appear to be merely incidental to his sightseeing activities. The record is devoid of any direct reference to the time petitioner spent observing marketing practices, but apparently those comprised a minor portion of his sabbatical activities. Similarly, while his visit to a fencing school may have been of a nature directly beneficial to his employment skills, the visit was an incidental event on an otherwise personal trip. Petitioner has simply failed to meet the "major portion" test of the regulations. Petitioner argues that because his employer required him to travel during his sabbatical, his expenses should therefore be deductible. But petitioner's choice to take a sabbatical for travel reasons was his own personal decision. His personal travel expenses are not transformed into ordinary and necessary business expenses because petitioner, after opting for a travel sabbatical, was required to actually travel. Petitioner's travel expenditures were nonetheless personal in nature. Adelson v. United States,supra.
We hold that petitioner's sabbatical expenses do not qualify as ordinary and necessary *111 expenses incurred in the pursuit of a trade or business within the purview of section 162. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect for the year in issue, unless otherwise indicated.↩
2. Satisfactory service was based on regularity of attendance and quality of service.↩
3. At trial and on brief respondent has pursued only the latter of these bases.↩
4. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses. ↩
5. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In general.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- (1) a reasonable allowance for salaries or other compensation for personal services actually rendered; (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * *↩
6. Sec. 1.162-5(d). Travel as a form of education.↩ * * * expenditures for travel (including travel while on sabbatical leave) as a form of education are deductible only to the extent such expenditures are attributable to a period of travel that is directly related to the duties of the individual in his employment or other trade or business. For this purpose, a period of travel shall be considered directly related to the duties of an individual in his employment or other trade or business only if the major portion of the activities during such period is of a nature which directly maintains or improves skills required by the individual in such employment or other trade or business. The approval of a travel program by an employer or the fact that travel is accepted by an employer in the fulfillment of its requirements for retention of rate of compensation, status or employment, is not determinative that the required relationship exists between the travel involved and the duties of the individual in his particular position.