MARILYN L. NICHOLS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nichols v. Commissioner
Docket No. 30745-81.
United States Tax Court
T.C. Memo 1984-91; 1984 Tax Ct. Memo LEXIS 584; 47 T.C.M. (CCH) 1156; T.C.M. (RIA) 84091; February 27, 1984. Marilyn L. Nichols, pro se. Mary E. Pierce, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION "KORNER, Judge: Respondent determined deficiencies in petitioner's Federal income taxes for taxable years ending December 31, 1977 and December 31, 1978, in the respective amounts of $601 and $1,703. The sole issue for decision herein is whether petitioner is entitled *585 to deduct, under section 162(a), [1] certain expenses claimed for educational travel during a sabbatical from her employment as a college counselor and instructor. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation and the exhibits attached thereto are incorporated by this reference. Marilyn L. Nichols (hereinafter referred to as "petitioner") was a resident of Rochester, Minnesota at the time she filed her petition herein. For tax years 1977 and 1978, petitioner filed Federal income tax returns with the Internal Revenue Service in unmarried head of household filing status. During the tax years in issue, petitioner was employed as a college counselor and sociology instructor at Rochester Community College in Rochester, Minnesota. Petitioner's duties as a counselor related to the areas of individual and group counseling, educational and vocational information, community services, *586 community participation, and professional development and counseling service coordination. Petitioner was also responsible for conducting at least once each academic year a seminar concerning human potential, for which academic credit was given. Pursuant to her employment contract, petitioner spent at least five hours of each working day involved in counseling activities. Of some 1,600 students enrolled at Rochester Community College in 1977, approximately 40 were foreign students. These students were counseled not only by petitioner, but also by five other counselors at the college. By application dated January 13, 1977, petitioner sought sabbatical leave from her employment at the college for the fall, winter and spring quarters of the 1977-1978 academic year, [2] indicating therein her intention to undertake a trip abroad during that period. Such a trip was not required by her employer, either as a condition of continued employment or as a condition of advancement therein. By letter dated February 17, 1977, petitioner was advised that her application for leave had been granted. *587 Petitioner began her trip in October 1977, without a planned itinerary. On or about October 26, 1977, petitioner drove from her home in Rochester, Minnesota to Florida. At some point along this route, petitioner was joined by her father. Arriving in Florida on or about November 1, 1977, petitioner remained in that State for some nineteen days, during which time she visited travel agents, arranged financing for her trip, had her car repaired, received necessary innoculations and awaited receipt of her passport. On or about November 20, 1977, petitioner and her father departed Florida for New York, from whence they departed for Europe, arriving in London, England on or about November 22, 1977. Almost immediately thereafter, petitioner's father became ill, and was hospitalized in London. Petitioner began her travels alone, but with her father's condition worsening, petitioner returned with him to Florida on or about January 10, 1978. Petitioner remained in the United States until February 3, 1978, when she returned to London, without her father, in order to resume her travels. Between October 1977 and August 1, 1978, when petitioner returned to Florida, she visited a number *588 of countries, including England, Tunisia, China, Japan, Kenya, Singapore, Malaysia, Hong Kong, Thailand and Egypt. In each instance, petitioner used London as a base, and booked into small group tours from there. Petitioner maintained a daily log reflecting, in brief entries, descriptions of her travels. During a trip of some 227 days (excluding the hiatus occasioned by her father's illness), petitioner's log entries reflect that she spent approximately eight days at community schools and colleges in the countries that she visited, including several days reading sociological materials at the University of London. The remainder of petitioner's time was spent in a variety of activities, including traveling with a caravan in Tunisia, visiting historical sites, beaches, shops and native markets, mingling with native people and working with a theatre group in London. Petitioner also spent several days reviewing safety and educational films for Millbank Films, an educational film company in England. Petitioner talked briefly with several foreign students during her travels, but since she could speak only English, those conversations were limited to English speaking students. At *589 no time during her trip did petitioner meet with persons who were involved in sending foreign students to the United States, or with counselors or instructors at schools in the countries she visited. Upon returning to her counseling and teaching position in Rochester, Minnesota, petitioner was not required to, and did not, file a report of her trip with her employer. On her Federal income tax returns for 1977 and 1978, petitioner claimed as educational business expenses incurred in the foregoing trip, deductions in the respective amounts of $2,517.06 and $13,426.04. No expenses incurred or paid by petitioner's father were included in these amounts. Respondent, by timely notice of deficiency, disallowed each of the foregoing claimed business expense deductions, stating that it had not been established either that such expenses were ordinary and necessary to petitioner's business, or that they had been "expended for the purpose designated." [3]
Without objection by respondent, prior *590 to the trial herein, petitioner adjusted the foregoing amounts claimed as educational business expense deductions for each tax year in issue, as follows: For 1977, petitioner's claimed gasoline expense for the trip from Minnesota to Florida, was revised from $85 to $272, resulting in a claimed educational business expense deduction for that year, as revised, in the amount of $2,704.06. Included in this amount are expenses of $285, paid by petitioner to a relative with whom she stayed during her initial nineteen days in Florida, and $45 for gasoline, also paid by petitioner while she was in Florida. For 1978, petitioner conceded that the following expenses, which were incurred during her return to Florida after her father became ill, and included in her claimed educational expense deduction, were nondeductible personal expenses: Airplane fare to United States
$400
Miscellaneous expenses
24
Gasoline
60
Meals
330
Airplane fare to London
252
Total
$1,066
After these concessions, petitioner claims educational business expense deductions for 1978 in the amount of $12,396.04. OPINION The sole issue herein is whether petitioner is entitled to a business *591 expense deduction under section 162(a) for travel expenses she incurred [4] during a sabbatical from her employment as a college counselor and instructor. [5]
Petitioner claims that the trip maintained or improved her skills as a college counselor and instructor, and that she is therefore entitled to deduct the expenses incurred on such trip. Respondent, on the other hand, contends that the major portion of the activities engaged in by petitioner on the trip did not directly maintain or improve her professional skills, but rather were in the nature of sightseeing, and were therefore nondeductible personal expenditures. *592 Travel expenses incurred for educational purposes are deductible as business expenses "only if the major portion of the activities [during the period of travel] * * * is of a nature which directly maintains or improves skills required by the individual" in her employment. Section 1.162-5(d), Income Tax Regs. Whether the activities engaged in by petitioner were of such nature is a question of fact, as to which she bears the burden of proof. Adelson v. United States,342 F.2d 332, 335 (9th Cir. 1965); Marlin v. Commissioner,54 T.C. 560, 564-565 (1970); Rule 142(a). In seeking to meet her burden of establishing the business nexus which is requisite to deductibility of her trip expenses, petitioner testified as follows: And it's my contention that my travels, having to deal myself with people from other cultures and with backgrounds and ideas different from my own, getting the feeling of being the underdog, the outcast, the minority myself, having difficulties with communicating from time to time, that all of these aided me in my understanding of students who may bring me problems that are different from those that I have directly coped with. *593 The foregoing benefits of her travel, petitioner further testified, not only benefitted her in dealing with foreign students at the college, but transferred as well to her counseling and teaching work at the college with handicapped, minority, and culturally, economically and educationally deprived students. We do not doubt that petitioner benefitted from her travels abroad in each of the ways she has described. As we have aptly noted in another case involving the deductibility of educational travel expenses: We accept as a major premise that traveling is broadening. It no doubt aids the average traveler in becoming more tolerant or understanding of the habits and customs of others. It enriches culturally. It increases one's ability to communicate with others, an important facility to one whose occupation requires daily communication with [students]. [6]
Such benefits, however, do not suffice to establish the deductibility of travel expenses under section 162(a). For that, we must determine whether the benefits bear a sufficiently direct relationship to the traveler's business to convert what are normally personal expenses incurred on a holiday into qualifying *594 business expenses. Based upon our examination of the record herein, we cannot find that such a relationship has been established. Petitioner began her trip with a nineteen day stay in Florida, during which time she visited travel agents, arranged financing for her trip, had her car repaired, received innoculations and awaited receipt of her passport. Petitioner has suggested no reason why these apparently personal pursuits should be considered to be business activities, sufficient to support the deductions she claims with respect to this portion of her trip. Petitioner, who failed to plan an itinerary for her trip prior to her departure in October 1977, [7] spent a substantial portion of her trip on organized tours to various countries, which included sightseeing at recognized tourist attractions. When free time was available, petitioner visited beaches, shops and native markets, occasionally talking with native people, to the extent that they could communicate with her in English. Petitioner spent a total of nine days, out of a trip which lasted some 227 days, *595 visiting community schools and colleges, including several days reading sociology material at the University of London. Petitioner has not indicated that she attended any lectures, seminars, or educational programs during her trip. Further, at no time during her trip did petitioner meet with persons who are involved in sending foreign students to the United States, or with counselors or instructors at other schools. To the extent that petitioner undertook any discrete projects involving significant portions of her time on the trip they consisted of working with a theatre group in London and reviewing certain films for an educational film company, also in London. While petitioner testified that her work with the theatre group, some of whom were "gay," would assist her in relating to gay students at Rochester Community College, we find the relationship of both of these projects to her employment responsibilities to be, at best, tenuous. We further find that petitioner's meager contact during her trip with academic and/or counseling institutions or responsible representatives thereof, similarly undermines *596 the requisite nexus between the trip and her employment as a college counselor and teacher. [8]
Upon her return to the college, petitioner testified that she was not required to, and did not, file a report of the trip with her employer. Petitioner's testimony was general and very limited respecting her application of the benefits of the trip to her continuing employment with the college. [9]
On these facts, we cannot find that a majorportion of petitioner's activities during her trip abroad were of a nature which directly maintained or improved her counseling and teaching skills. Accordingly, petitioner's educational travel expenses in 1977 and 1978, as claimed, were personal expenses, nondeductible as such in their entirety. Section 262. *597 To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All statutory references herein are to sections of the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all references to Rules are to the Tax Court Rules of Practice and Procedure, unless otherwise stated.↩
2. While the beginning and ending dates of this academic year are not disclosed herein, we assume, in accordance with customary academic practice, that such year began in late summer 1977, and ended in spring 1978.↩
3. Medical expense adjustments made by respondent for 1977 and 1978, will be determined as automatic adjustments under sec. 213 when the remaining issues for those years are resolved herein.↩
4. With the exception of $45, representing a claim for hotel expenses in Wisconsin and Georgia, allegedly incurred in 1977, for which petitioner failed to produce receipts, the parties are in agreement herein that petitioner incurred and paid the expenses in issue. While at trial, respondent indicated that petitioner had conceded this $45 expense, no such concession has been expressed to us by petitioner. ↩
5. We decide this issue without benefit of briefs in support of petitioner's position, since she failed to comply with our directive at trial to file such briefs.↩
6. Baker v. Commissioner,↩ T.C. Memo. 1973-206, 32 T.C.M. at 964-965, 42 P-H Memo T.C. at 73,206.
7. Compare Dollins v. Commissioner,T.C. Memo. 1982-394↩.
8. See Bowden v. Commissioner,T.C. Memo. 1982-548. Compare Haynie v. Commissioner,T.C. Memo. 1977-330↩.
9. Asked to relate, with specificity, how the trip had affected her counseling skills or techniques, petitioner testified only that "I think it brought me to a better understanding and valuing of other lifestyles." Compare Gibbons v. Commissioner,T.C. Memo. 1978-75↩.